UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANY WHITTINGTON, individually, and on behalf of all other similarly situated consumers, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC. | ) |
| | ) |
| Defendant. | ) |

Case No.:

COMPLAINT --
CLASS ACTION

Plaintiff, Tiffany Whittington, individually and on behalf of all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Defendant Midland Credit Management, Inc., as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.      Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.      Plaintiff Tiffany Whittington, ("Plaintiff") is a natural person, who at all relevant times has resided in Drexel Hill, Pennsylvania, and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant Midland Credit Management, Inc., ("Midland" or "Defendant") is a corporation doing business in the Commonwealth of Pennsylvania, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.      On or about January 2, 2019, Midland sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $849.72, for a personal credit card bill from Synchrony Bank/Walmart.

7.      Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

8.      Exhibit A is false, deceptive, and misleading given Midland's placement of ambiguous language and the resulting multiple interpretations of the letter that follow.

9.      The collection letter states the following:

> Tiffany Whittington, mistakes can happen to anyone. Midland Credit Management believes that everyone deserves a second chance. Call (800) or visit us online at MIDLANDPay.com by 02-01-2019 to accept one of these *discounts*.

10.     To the right of this language, Midland provides Plaintiff with three options for payment:

    a.  Option 1

        i.  40% off

    b.  Option 2

        i.  20% off

    c.  Option 3

        i.  Monthly payments as low as $50 a month

11.    The above language provided by Midland concerning Option 3 is ambiguous as to whether this is a third settlement option or a path to full payment. Option 3 on its own appears to be a path to full payment, but after reading the statement that all three are discount options, the consumer would reasonably believe that the item is a discount.

12.    This ambiguity is material because it directly affects the consumer's choice to pay the debt.

13.    Further, along the top, the letter conspicuously discloses the original and current creditors clearly. Below this, the letter states "We can't change the past, but we can help with your future."

14.    This language clearly implies that by making payment on the debt in question Plaintiff's future will benefit. Upon information and belief, Midland does not intend any benefit by this statement other than refraining from demanding immediate payment. However, this is not what the consumer understands after reading this language.

15.    A reasonable consumer would understand this phrase in one of two ways: 1) that by reporting the payment to the credit reporting agencies, it will improve Plaintiff's credit score or credit worthiness, or 2) by making a positive reporting to the original creditor, it will help in future lending decisions.

16.    Assuming the consumer believes that Midland will report the payment to the credit reporting agencies, and therefore the payment will improve the consumer's future by resulting in a greater credit score, Midland's statement is false.

17.    For a collection account, where a consumer pays the account, regardless of whether the consumer pays the account in full, or for less than the full balance, *the consumer's credit score will decrease*.

18.    Assuming the consumer believes that the payment will be reported to the original creditor, conspicuously disclosed, upon information and belief, this is also false.

19.     Midland's false statements are material as they directly affect whether a consumer would pay the debt.

## CLASS ACTION ALLEGATIONS

### The Class

20.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

21.     Plaintiff seeks certification of the following class, initially defined as follows:

**Class: All consumers within the Commonwealth of Pennsylvania that have received the same form letter as Exhibit A from Midland concerning debts for Synchrony Bank/Walmart used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

22.     Excluded from the Class is Midland, and any person, firm, trust, corporation, or other entity related to or affiliated with Midland, including, without limitation, persons who are officers, directors, employees, associates or partners of Midland.

23.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4), or modify the class definition as to the geographical location or original creditor, including expanding the definition to a nation-wide class. Defendant should be prepared to defend a nationwide class should Plaintiff so modify the class.

### Numerosity

24.     Upon information and belief, Midland has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25.     The letters sent by Midland, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

26.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

## Common Questions of Law and Fact

27.    There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Midland violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Midland; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Midland's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

28.    The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Midland's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

29.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

30.    Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

31.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

32.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

33.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

34.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

36.    Absent a class action, the Class members will continue to suffer losses borne from the Midland's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Midland's conduct to proceed and; (b) Midland to further enjoy the benefit of its ill-gotten gains.

37.     Midland has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

38.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

39.     Midland's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

40.     Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, Plaintiff, Tiffany Whittington, respectfully requests that this Court do the following for the benefit of Plaintiff:

A.  Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B.  Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C.  Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

D.  Award costs and reasonable attorneys' fees;

E.  Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

41.  Plaintiff demands a jury trial on all issues so triable.

Dated: December 20, 2019

Respectfully Submitted,

/s/ Nicholas Linker
Nicholas Linker, Esq.
**Zemel Law LLC**
1373 Broad St., Suite 203-C
Clifton, NJ 07013
(P) (862) 227-3106
nl@zemellawllc.com
*Attorney for Plaintiff*

# EXHIBIT A



**Midland Credit Management**

2365 Northside Drive
Suite 300
San Diego, CA 92108

01-02-2019

| MCM Account Number | Current Balance | Discount |
|---|---|---|
| 8573767710 | $849.72 | 40% OFF |

| | |
|---|---|
| Original Creditor | Synchrony Bank |
| Original Account | 6032203165742916 |
| Current Owner | Midland Funding LLC |

Tiffany Whittington
157 Saint Charles St
Drexel Hill, PA 19026-2016

P3T37 001

# Did y u forg t somethi g?

## CALL US TODAY! (800) 321-3809

**Hours of Operation: Sun-Th: 5am-9pm PT; Fri-Sat: 5am-4:30pm PT;**


### We can't change the past, but we can help with your future

RE: Synchrony Bank    Walmart

Tiffany Whittington, mistakes can happen to anyone. Midland Credit Management believes that everyone deserves a second chance. Call (800) 321-3809 or visit us online at MCMPay.com by 02-01-2019 to accept one of these discounts.

**We are offering you 40% OFF your balance to help you eliminate your debt while saving money.**

Midland Credit Management will help you put this debt burden behind you. Call us today to pay off your account, and regain your financial freedom!

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

## KNOW YOUR OPTIONS

### Option 1

**40% OFF**
Payment Due Date: 02-01-2019

### Option 2

**20% OFF**
Over 6 Months

### Option 3

**Monthly Payments As Low As:**
**$50 per month**

We are not obligated to renew any offers provided.

 **(800) 321-3809**     **MCMPay.com**        Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

## PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION